JAP:MJJ
F.#2014R01293

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**15 MISC 444**

- - - - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION OF
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE RELEASE OF
HISTORICAL CELL-SITE INFORMATION

- - - - - - - - - - - - - - - -X

          Matthew Jacobs, an Assistant United States Attorney for the Eastern District of

New York, hereby applies to the Court for an Order pursuant to 18 U.S.C. § 2703(c)(1) and

(d), directing that within seven days, Service provider T-Mobile USA (the "Service Provider")

disclose recorded information identifying the base station towers and sectors that received

transmissions from 347-613-8996 (the "Subject Telephone"), a telephone issued by the

Service Provider, at the beginning and the end of calls or text message transmissions, and the

mobile switching center serving the Subject Telephone during any calls or text message

transmissions, from 12:00 a.m. on December 2, 2014 to 11:59 p.m. on December 14, 2014,

Eastern Standard Time (the "Historical Cell-Site Information").

          In support of this application I state the following:

          1.     I am an Assistant United States Attorney in the Office of Loretta E.

Lynch, United States Attorney for the Eastern District of New York.   As such, I am a

duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d)

and, as such, am authorized to apply for an Order authorizing the disclosure of the Historical

Cell-Site Information.

2.      The Court is authorized to order the disclosure of the Historical Cell-Site Information upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.   18 U.S.C. § 2703(d).

3.      I have discussed this matter with Special Agents of the Federal Bureau of Investigation ("FBI") and the New York City Police Department ("NYPD), who are involved in the investigation, and have learned that:

a.      Law enforcement is conducting a criminal investigation into possible violations of federal criminal laws, including offenses involving the sex trafficking of minors and the production of child pornography, in violation of 18 U.S.C. §§ 1591 and 2251, occurring in the Eastern District of New York and elsewhere.

b.      As described more fully below, there is reason to believe that Alvaun Thompson, as known as "LP," "Legit Pimp" and "AT," used the Subject Telephone in furtherance of these offenses.

c.      The Historical Cell-Site Information will further the investigation by providing leads as to Thompson's whereabouts and by corroborating witness statements.

4.      Based upon my discussion with the agents, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d).   The government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.   Because this application is submitted for the limited purpose of establishing such reasonable grounds, the government has not set forth each and every fact learned during the course of the investigation.

5.      On or about September 27, 2013, Thompson was arrested by NYPD officers in the Bronx, New York in connection with a home invasion robbery.   NYPD reports concerning the robbery provide, in sum and substance and relevant part, that Thompson and multiple co-conspirators stole property from an individual (the "Complainant") following a dispute concerning the Complainant's alleged failure to pay for prostitution services arranged by Thompson.

6.      After waiving his <u>Miranda</u> rights, Thompson made a written statement, in which he admitted, in sum and substance and relevant part, to arranging the provision of prostitution services for the Complainant.   Thompson also admitted taking the Complainant's property, though he stated, in sum and substance, that the Complainant permitted him to take such property in lieu of cash payment for the prostitution services Thompson had arranged.

7.      Upon his arrest, Thompson provided NYPD officers with the following cellular telephone numbers for him: 347-666-9996 (the "9996 Telephone Number") and 347-666-7008 (the "7008 Telephone Number").

8.      On or about November 7, 2013, a minor ("Minor Victim 1"), who was born in 1999 and whose identity is known to law enforcement, was arrested by NYPD officers in Brooklyn, New York for engaging in street prostitution.   After her arrest, NYPD officers permitted Minor Victim 1 to make at least one telephone call, and Minor Victim 1 elected to call the 9996 Telephone Number—<u>i.e.</u>, one of the telephone numbers Thompson provided to NYPD officers upon his arrest on or about September 27, 2013.

9.      Law enforcement officers conducted Google searches for the 9996 Telephone Number and discovered that it appeared in prostitution advertisements in the "Adult Escorts" section of www.backpage.com ("Backpage"), an Internet-based classified

advertising website.   Certain records related to these advertisements contained Thompson's name and contact information.

      10.    For example, Thompson's name and contact information appeared in records related to a prostitution advertisement published in the "Brooklyn escorts" section of Backpage on or about August 27, 2013 (the "August 27, 2013 Backpage Advertisement"). Specifically, Backpage "customer information" associated with the August 27, 2013 Backpage Advertisement contains Thompson's name, the email address "atrillz11@gmail.com" and the street address "725 Stanley ave 3a, Brooklyn, New York."   Records provided by Google reveal that the email address "atrizz11@gmail.com" is subscribed to by Thompson, and criminal history reports for Thompson reveal that he resides at 725 Stanley Avenue, Apartment 3A, in Brooklyn, New York.   Moreover, the 7008 Telephone Number—i.e., one of the telephone numbers Thompson provided to NYPD officers upon his arrest on or about September 27, 2013—appears in the body of the August 27, 2013 Backpage Advertisement. Accordingly, there is reason to believe that Thompson published the August 27, 2013 Backpage Advertisement.

      11.    The August 27, 2013 Backpage Advertisement is titled "special special special come get it . . chocolate cakes n bubbles" and features images of two females wearing underwear and kissing, accompanied by the following message, in sum and relevant part: "Wats up guys two girls 4 the low low ,,, safety 1st and no (bb) 100% real pics and no rush time is time so come get wat us want some ... let us b the 1s to please u 3476667008."   Two females are featured in the August 27, 2013 Backpage Advertisement (hereinafter "Minor Victim 2" and "Minor Victim 3").   Law enforcement officers were able to identify these females as Minor Victim 2 and Minor Victim 3, in part, because their faces are visible in the

images.   Minor Victim 2 and Minor Victim 3 were born in 1997 and 1996, respectively. Accordingly, Minor Victim 2 and Minor Victim 3 were approximately 16 and 17 years old, respectively, at the time the August 27, 2013 Backpage Advertisement was published.

        12.     Following his arrest on or about September 27, 2013, Thompson was detained at Rikers Island Correctional Facility.   During his detention, Thompson made numerous telephone calls.   The following exchange between Thompson and Minor Victim 1 was recorded on or about February 7, 2014:

| | |
|---|---|
| Minor Victim 1: | [Minor Victim 2] was telling the truth [when she told you my age]. |
| Defendant: | How old are you? |
| Minor Victim 1: | I'm not . . . that's not a conversation we need to have right now. |
| Defendant: | Just say a number. |
| Minor Victim 1: | Whatever she [Minor Victim 2] said is true though. |
| Defendant: | Fifteen? |
| Minor Victim 1: | No. |
| . . . | |
| Defendant: | Leave me with an age. |
| Minor Victim 1: | Fourteen. |
| Defendant: | You fourteen.   Wow. |
| Minor Victim 1: | Alright, I love you. |
| Defendant: | I love you too, but . . . |
| Minor Victim 1: | You sure? |
| Defendant: | Yeah, I do.   I really do.   But yeah, I'm going to talk to you about it. |

Based on information contained in this call, there is reason to believe that Thompson was aware at this time that Minor Victim 1 had not yet attained 18 years of age.

13.     On or about July 21, 2014, Thompson pled guilty in Kings County Supreme Court to one count of misdemeanor larceny in connection with the home invasion robbery that occurred on or about August 27, 2013, and was released from Rikers Island that same day.

14.     On or about December 19, 2014, NYPD officers arrested Thompson for child endangerment after finding him with Minor Victim 1 and Minor Victim 2 in a hotel room in the Bronx, New York.   NYPD reports documenting this arrest indicate that Thompson told officers that the telephone number 347-613-8996 (the "8996 Telephone Number") belonged to him.   A multicolored LGG New Madison cellular telephone (the "LGG Cellular Telephone") was found on Thompson and seized incident to his arrest.  . Law enforcement subsequently determined that the 8996 Telephone Number is registered to the LGG Cellular Telephone.

15.     Internet searches after Thompson's arrest revealed that prostitution advertisements featuring Minor Victim 1 and Minor Victim 2 were published on Backpage on or about December 18, 2014.   For example, on or about the evening of December 18, 2014, a prostitution advertisement was published in the "Bronx escorts" section of Backpage titled "2 Girl Special 80$$$ Kandii &Lucious2" (the "December 18, 2014 Backpage Advertisement"). The December 18, 2014 Backpage Advertisement features five images of Minor Victim 1 and Minor Victim 2, and Minor Victim 1's face is visible in two of the images.   Minor Victim 1 and Minor Victim 2 were 15 and 17 years old, respectively, at the time the December 18, 2014 Backpage Advertisement was published.

16.     Within the December 18, 2014 Backpage Advertisement is a section titled "Other ads by this user," which contains hyperlinks to other prostitution advertisements published by the same Backpage user responsible for publishing the December 18, 2014 Backpage Advertisement.   One such advertisement—published on or about November 25, 2014 and titled "new girl on the block" (the "November 25, 2014 Backpage Advertisement")—instructs potential clients to call the 8996 Telephone Number. Accordingly, there is reason to believe that Thompson published both the November 25, 2014 Backpage Advertisement and the December 18, 2014 Backpage Advertisement featuring Minor Victim 1 and Minor Victim 2.

17.     On or about January 20, 2015, the Honorable Lois Bloom, United States Magistrate Judge, Eastern District of New York, issued a search warrant for the LGG Cellular Telephone.   A forensic examination of the LGG Cellular Telephone revealed, among other things, numerous video recordings and photographs.

18.     For example, the forensic examination revealed a video recording (the "Minor Victim 1 Recording") depicting a female performing oral sex on a male.   The female in the Minor Victim 1 Recording is believed to be Minor Victim 1 because her face is clearly visible in the recording.   The male in the Minor Victim 1 Recording, whose face is not visible, is believed to be Thompson, in part, because forensic analysis of the LGG Cellular Telephone establishes that the Minor Victim 1 Recording was created on or about December 14, 2014 using the video camera on the LGG Cellular Telephone.   The LGG Telephone is believed to belong to Thompson, in part, because it was seized from Thompson incident to his arrest on or about December 19, 2014 and because it contains numerous text messages addressed to Thompson.   The male in the Minor Victim 1 Recording is also believed to be Thompson

because the male's lower abdomen and genitals are consistent with Thompson's lower abdomen and genitals, which are visible, along with Thompson's face, in other video recordings stored on the LGG Cellular Telephone.

19.     Two short video recordings (the "Prior Recordings") created minutes before the Minor Victim 1 Recording further indicate that Thompson is the male in the Minor Victim 1 Recording.   The Prior Recordings—like the Minor Victim 1 Recording—feature Minor Victim 1, whose face is visible, and a male, whose face is not visible.   The male can be heard speaking in the Prior Recordings, and his voice sounds like Thompson's voice on the recorded Riker's Island telephone calls.   Thus, the male in the Prior Recordings is believed to be Thompson.   In addition, the male in the Prior Recordings appears to be wearing the same underwear as the male in the Minor Victim 1 Recording.   Accordingly, there is reason to believe that the male in the Prior Recordings—who is believed to be Thompson—is also the male in the Minor Victim 1 Recording.

20.     The angle from which the Minor Victim 1 Recording was filmed and the closeness of the camera to Minor Victim 1's face and the male's genitals suggest that the male himself, as opposed to an unidentified third-party, was holding the LGG Cellular Telephone and filming the sexual encounter.   Accordingly, there is reason to believe that Thompson produced the Minor Victim 1 Recording.

21.     The forensic examination of the LGG Cellular Telephone also revealed, among other things, numerous photographs of Minor Victim 1 stored on the LGG Cellular Telephone.   For example, the forensic examination revealed a photograph of Minor Victim 1 on the LGG Cellular Telephone that appears identical to a photograph of Minor Victim 1 featured in the December 18, 2014 Backpage Advertisement.   In addition, the forensic

examination revealed numerous photographs of Minor Victim 1 created using the camera on the LGG Cellular Telephone on or about and between December 2, 2014 and December 14, 2014.

22.     The forensic examination also revealed photographs of Minor Victim 2 and Minor Victim 3 on the LGG Cellular Telephone, including for example, a photograph that appears identical to a photograph of Minor Victim 2 and Minor Victim 3 featured in the August 27, 2013 Backpage Advertisement.   Relatedly, the forensic examination established that the LGG Cellular Telephone was frequently used to access the Backpage website.

23.     As noted above, the Historical Cell-Site Information will further the investigation by providing leads and evidence as to Thompson's whereabouts, including at or about the time the Minor Victim 1 Recording and photographs of the Minor Victims were created.

24.     Based upon the above proffer, the government requests that the Court issue an Order that provides, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the Service Provider to supply within seven days the Historical Cell-Site Information for the Subject Telephone.

25.     No prior request for the relief set forth herein has been made except to the extent set forth above.   The foregoing is affirmed under the penalties of perjury.   See 28 U.S.C. § 1746.

Dated: Brooklyn, New York
         March 11, 2015

_____
Matthew Jacobs
Assistant United States Attorney
(718) 254-6401

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE RELEASE
OF HISTORICAL CELL-SITE INFORMATION

ORDER OF
AUTHORIZATION

- - - - - - - - - - - - - - - -X

**15 MISC 444**

This matter having come before the Court pursuant to an application by

Assistant United States Attorney Matthew Jacobs, an attorney for the government as defined

by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized

representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting an

Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days T-Mobile

USA (the "Service Provider") disclose recorded information identifying the base station

towers and sectors that received transmissions from 347-613-8996 (the "Subject Telephone"),

a telephone issued by the Service Provider, at the beginning and the end of calls or text

message transmissions, and the mobile switching center serving the Subject Telephones

during any calls or text message transmissions, from 12:00 a.m. on December 2, 2014 to 11:59

p.m. on December 14, 2014, Eastern Standard Time (the "Historical Cell Site Information").

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS

THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific

and articulable facts showing that there are reasonable grounds to believe that the Historical

Cell-Site Information is relevant and material to an ongoing criminal investigation into

possible violations of federal criminal laws, including offenses involving sex trafficking of

minors and production and possession of child pornography, in violation of U.S.C. § 1591, 2251 and 2252, being conducted by the Federal Bureau of Investigation.

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the Service Provider shall supply to the investigative agency within seven days the Historical Cell-Site Information.

Dated: Brooklyn, New York
       March 11, 2015

                                    Hon. Cheryl L. Pollak
                                    THE HONORABLE CHERYL L. POLLAK
                                    UNITED STATES MAGISTRATE JUDGE
                                    EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

**15 MISC 444**

IN THE MATTER OF AN APPLICATION OF
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE RELEASEOF
HISTORICAL CELL-SITE INFORMATION
- - - - - - - - - - - - - - - - - - - X

ORDER TO
<u>SERVICE PROVIDER</u>

WHEREAS this Court has, upon the application of the United States of

America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within

seven days T-Mobile USA (the "Service Provider") disclose recorded information identifying

the base station towers and sectors that received transmissions from 347-613-8996 (the

"Subject Telephone"), a telephone issued by the Service Provider, at the beginning and the end

of calls or text message transmissions, and the mobile switching center serving the Subject

Telephones during any calls or text message transmissions, from 12:00 a.m. on December 2,

2014 to 11:59 p.m. on December 14, 2014, Eastern Standard Time (the "Historical Cell Site

Information").

NOW, THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the Service

Provider shall supply within seven days the Historical Cell-Site Information.

Dated: Brooklyn, New York
      March 11, 2015

_Hon Cheryl L. Pollak_
THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK